# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO HERNANDEZ-MORALES,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-06335-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DENY RESPONDENTS' MOTION TO DISMISS<br><br>(ECF Nos. 1, 9)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying the petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who was encountered by Border Patrol on December 28, 2021 and was expelled to Mexico. According to the Form I-213 submitted by Respondents, Petitioner stated that he entered the United States on January 6, 2022, near Calexico, California, without inspection and was arrested by Border Patrol. (ECF No. 9-3 at 2.[1])

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

On February 7, 2023, Petitioner took a plea in abeyance in the South Lake Justice Court (Utah) for unlawful sexual activity with a minor less than four years younger, a class B misdemeanor, in violation of Utah Code section 76-5-401(3)(b). On June 4, 2026, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") officers conducted field operations to locate Petitioner. Petitioner was encountered at the Davis County Justice Court in Farmington, Utah, and he was transported to an ICE office for further processing. (ECF No. 9-3 at 2.)

On August 10, 2026, Petitioner filed a petition for writ of habeas corpus, raising the following claims for relief: (1) his detention violates due process and Zadvydas because there is no significant likelihood that he will be removed in the reasonably foreseeable future; (2) Respondents' third country policy violates due process, the Immigration and Nationality Act, the Convention Against Torture, and implementing regulations; (3) Respondents' third country policy violates the Fifth and Eighth Amendments; and (4) his continued detention violates 8 C.F.R. § 241.13 and the Administrative Procedure Act. (ECF No. 1 at 13–19.)

On August 17, 2026, an immigration judge ("IJ") ordered Petitioner removed to Mexico. (ECF No. 9-1.) Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") that is pending. See Executive Office of Immigration Review ("EOIR"), Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 15, 2026). On August 18, 2026, an IJ held a custody redetermination hearing pursuant to 8 C.F.R. § 1236 and denied bond, finding that Petitioner "has not demonstrated that he is not a danger based on his criminal history in the United States." (ECF No. 9-2 at 1.)

On September 1, 2026, Respondent filed a motion to dismiss the petition. (ECF No. 9.) To date, no opposition or statement of non-opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Liberal Construction of Petition

Here, Petitioner has filed a form petition that should be used by petitioners who have a

final order of removal. However, the petition states that Petitioner's immigration proceeding is still pending, and according to the EOIR's Automated Case Information System, Petitioner was ordered removed on August 17, 2026, and his BIA appeal is currently pending. As the BIA appeal is still pending, there is no administratively final order of removal, the removal period has not yet begun, 8 U.S.C. § 1231(a)(1)(B)(i), and thus, Petitioner's detention is not governed by 8 U.S.C. § 1231, as asserted in the petition.

"It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) (internal quotation marks and citations omitted)). Therefore, in the order directing Respondents to file a response, the Court construed the petition "as raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention." (ECF No. 7 at 1.)

**B. Exhaustion**

Respondents argue that "to the extent that Petitioner challenges the lawfulness and constitutionality of his continued detention, the Petition should be denied for failure to exhaust administrative remedies." (ECF No. 9 at 2.) "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Courts may require prudential exhaustion if":

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted)). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential

exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

"The prudential exhaustion requirement does not preclude review of the petition. Petitioner raises a constitutional claim regarding his detention . . . and the immigration court does not have jurisdiction to address constitutional issues." Arikapudi v. Andrews, No. 1:26-cv-05805-KES-EGC (HC), 2026 WL 2368115, at *2 (E.D. Cal. Aug. 16, 2026). Accordingly, the undersigned recommends finding that any prudential exhaustion requirement should be waived and dismissal is not warranted on this ground.

**C. Due Process**

This Court has held that when a noncitizen has previously been released from immigration detention and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. See, e.g., Clene C.D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-cv-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

Here, the Form I-213 provided by Respondents indicates that Petitioner has stated that he entered the United States on January 6, 2022, near Calexico, California, without inspection and was arrested by Border Patrol.[2] At some point, Petitioner was released from immigration custody because on June 4, 2026, ICE officers conducted field operations to locate Petitioner and re-

[2] Respondents do not dispute Petitioner's statement and there is nothing in the record before this Court that refutes Petitioner's statement.

detain him. (ECF No. 9-3 at 2.) Accordingly, the cases cited above appear to apply to Petitioner's situation.

In the order to respond, the Court ordered Respondents to "address[] whether this case is distinguishable from those cases in which this Court has granted habeas relief." (ECF No. 7 at 2.) Respondents argue that "here, the post-deprivation bond hearing satisfies any purported due process violation because the government moved quickly to schedule a bond hearing after the Ninth Circuit precedential decision was published." (ECF No. 9 at 2.) However, at a bond hearing pursuant to 8 U.S.C. § 1226(a), which was the type of bond hearing provided to Petitioner, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" Hernandez v. Sessions, 872 F.3d 976, 982 (9th Cir. 2017) (quoting In re Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006)). Whereas this Court has held that when a noncitizen has previously been released from immigration detention and is subsequently re-detained pending removal proceedings, due process requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence.

Accordingly, the undersigned recommends granting the petition on the construed due process claim challenging Petitioner's re-detention for the reasons stated in the cases set forth above.

**D. Appropriate Relief**

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. In other cases, bond hearings have been ordered rather than immediate release. Here, given Petitioner's criminal history and the fact that the IJ denied bond based on danger to the community at Petitioner's § 1226(a) hearing, the undersigned recommends that a post-deprivation bond hearing where the government bears the burden of proving that Petitioner is a flight risk or danger to the community by clear and convincing evidence is appropriate.

### E. Motion for Appointment of Counsel

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In light of the Court's recommendation that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel.

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed due process claim challenging Petitioner's re-detention;
2. Respondents' motion to dismiss (ECF No. 9) be DENIED; and
3. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), and at which
    a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," Singh, 638 F.3d at 1203; and
    b. the IJ should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond. Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017).

Further, Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 16, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE